```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

LARRY DARNELL WOODLEY,           )
                                 )
        Plaintiff,               )
                                 )
v.                               )     No. 06-2091-MlV
                                 )
CITY OF MEMPHIS, TENNESSEE,      )
SHELBY COUNTY, TENNESSEE,        )
and CORRECTIONAL MEDICAL         )
SERVICES, INC.,                  )
                                 )
        Defendants.              )
_____

REPORT AND RECOMMENDATION ON OBJECTION OF SHELBY COUNTY TO THE
                   AFFIDAVIT OF MARY WOODLEY
_____

Before the court is the December 28, 2006 objection of the defendant, Shelby County, Tennessee ("Shelby County"), to the affidavit of Mary Woodley submitted by the plaintiff, Larry Darnell Woodley, in support of his response to Shelby County's motion to dismiss and/or summary judgment. Shelby County seeks to have the court disregard Mary Woodley's affidavit in its consideration and determination of Shelby County's motion for summary judgment. The basis of Shelby County's objection is that the affidavit contains inadmissible hearsay and may not be relied upon by the court. The objection was referred to the United States Magistrate Judge for a report and recommendation.

Pursuant to Local Rule 7.2(a)(2), responses to motions in

civil cases are to be filed within fifteen days after service of the motion. Shelby County's objection is akin to a motion to strike. The plaintiff has not filed a response to this motion, and the fifteen-day time period for responding to motions has now expired. Rule 7.2(a)(2) further provides that "[f]ailure to respond timely to any motion . . . may be deemed good grounds for granting the motion."

Under Rule 56(e) of the Federal Rules of Civil Procedure, affidavits submitted in opposition to motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e). The Sixth Circuit has long held that "[a]ffidavits composed of hearsay . . . do not satisfy Rule 56(e) and must be disregarded." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968 (6th Cir. 1991) (citing *State Mut. Life Assurance Co. of Am. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)).

In the instant case, this court finds that Mary Woodley's affidavit contains and consists primarily of hearsay statements and thus submits that it should be disregarded. In her affidavit, she states that "prior to January 16, 2005, my son called me from the Shelby County Jail . . . and advised me that he was not getting medical treatment." (Woodley Aff. ¶ 2, Aug. 10, 2006.) She

2

further stated that when she was at the jail, a male jail employee told her "that one of Larry's legs was significantly larger than the other." (Woodley Aff. ¶ 2.)

Accordingly, in the absence of a response from the plaintiff to the motion and based on the above analysis of the law, it is recommended that Shelby County's objection to the affidavit of Mary Woodley be sustained and the affidavit disregarded.

Respectfully submitted this 18th day of January, 2007.

s/ Diane K. Vescovo  
**UNITED STATES MAGISTRATE JUDGE**