IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LARRY DARNELL WOODLEY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 06-2091 ) |
| CITY OF MEMPHIS, TENNESSEE; SHELBY COUNTY, TENNESSEE; CORRECTIONAL MEDICAL SERVICES, INC., | ) ) ) ) ) |
| Defendants. | ) ) ) |

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's report and recommendation on the objection of Defendant Shelby County ("Shelby County") to the affidavit of Mary Woodley (D.E. #34). Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff requests that the matter be referred back to the Magistrate Judge for reconsideration, or be modified by striking only that portion of Mary Woodley's affidavit that the Court deems to be improper. For the reasons stated herein, the Court adopts in part the Magistrate Judge's recommendations.

**I. STANDARD OF REVIEW**

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); Callier v. Gray, 167 F.3d 977, 980 (6th Cir. 1999). Such a referral may designate a magistrate judge to hear and determine non-dispositive pretrial matters, such as a

motion to compel or a discovery motion.  28 U.S.C. § 636(b)(1)(A)(2000); Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985).  They may also include dispositive matters, such as a motion for summary judgment or a motion for injunctive relief, and evidentiary hearings. 28 U.S.C. § 636(b)(1)(B).  Other matters, such as a determination of damages or a petition for attorney's fees, may be referred to the magistrate judge at the district court's discretion.  28 U.S.C. § 636(b)(3); Callier v. Gray, 167 F.3d 977, 982-83 (6th Cir. 1999) (citing Gomez v. United States, 490 U.S. 858 (1989);  Mathews v. Weber, 423 U.S. 261 (1976)).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72.  The standard of review that is applied by the district court depends upon the nature of the matter considered by the magistrate judge.

If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). A judicial finding is deemed to be clearly erroneous when the reviewing court has "a definite and firm conviction that a mistake has been committed." Heights Cmty. Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985).  Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or only conclusion that can be drawn from the evidence.  Id.  Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge.  Id. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable.  Id.

A report and recommendation is a non-dispositive matter. Consequently, the ruling by the Magistrate Judge at issue in the present case is reviewed by this court under the "clearly erroneous" standard. Applying this standard, the Court's task is merely to determine whether the Magistrate Judge's ruling is a reasonable interpretation of the law.

## II. DISCUSSION

Plaintiff filed the affidavit of his mother, Mary Woodley, in support of his response to Shelby County's motion to dismiss and/or summary judgment. Shelby County objected to the affidavit on the grounds that it contained inadmissible hearsay, and sought to have the Court disregard the affidavit in its consideration and determination of Shelby County's motion. The objection was referred to the United States Magistrate Judge for a report and recommendation.

Under Rule 56(e) of the Federal Rules of Civil Procedure, affidavits submitted in opposition to motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). "Affidavits composed of hearsay and opinion evidence do not satisfy Rule 56(e) and must be disregarded." Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962, 968 (6th Cir. 1991) (citing State Mutual Life Assurance Co. v. Deer Creek Park, 612 F.2d 259, 264 (6th Cir.1979)).

In the report and recommendation at issue, the Magistrate Judge concludes that Mary Woodley's affidavit "contains and consists primarily of hearsay statements, and thus . . . it should be disregarded." (Report and Recommendation 2.) Although particular statements found in the affidavit do appear to be inadmissible hearsay, the Court notes that Ms. Woodley's statements are severable, and thus it would be unreasonable to exclude the *entire* affidavit. Therefore, the Court

3

will appropriately consider the affidavit in part, by acknowledging those statements that are admissible and disregarding those that are not.

Accordingly, Shelby County's Motion to Strike (D.E. #32) is granted in part and denied in part.

**IT IS SO ORDERED** this 8th day of March, 2007.

                                                s/Bernice Bouie Donald
                                                BERNICE BOUIE DONALD
                                                UNITED STATES DISTRICT COURT JUDGE